UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| RAPHEW REED | NO.: 15-CR-00146-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 109)** filed by Raphew Reed ("Petitioner"). The United States opposes this motion. (Doc. 114). An evidentiary hearing is not warranted. For the following reasons, Petitioner's Motion is DENIED.

I. BACKGROUND

Petitioner alleges that his counsel provided ineffective assistance at the sentencing phase of this proceeding by allowing Petitioner to testify under oath on his own behalf. Petitioner was charged in a seven-count indictment with knowingly making false statements to a federally insured credit union, using a false Social Security number to obtain loans, fraud, making false statements to the FBI, and engaging in a monetary transaction involving criminally derived property of a value greater than $10,000. (Doc. 109-1 a p. 2). Petitioner pleaded guilty to counts two and five of the indictment, to wit: misuse of a social security number and wire fraud, pursuant to a plea agreement. (*Id.* at p. 4).

1

At the sentencing hearing, the Court asked Petitioner if he reviewed the pre-sentence report ("PSR") and the supplemental addendum with his attorney, to which he replied in the affirmative. (*Id.*). The Court then addressed Petitioner's objections to the contents of the PSR. (*Id.*). Petitioner repeatedly gave testimony that conflicted with the PSR, such as whether he lied to the FBI. (*Id.*). Upon hearing the conflicting testimony, the Court ruled:

> Based on the information, the Defendant has not clearly accepted responsibility for his actions in committing the instant offense and, therefore, the Court is denying any adjustment for acceptance of responsibility. And as a result of the Court's decision, paragraphs 45, 46, and 47 of the Pre-Sentence Report will reflect the same. (Doc. 144 at p. 6).

The Court then allowed Petitioner to speak in mitigation of his sentence, at which point, at Petitioner's request, his attorney put Petitioner on the stand and allowed him to testify. (*Id.* at pp. 7-8). Over the course of his approximately 45-minute-long testimony, Petitioner deflected, made excuses for his behavior, promised to sue other people, and generally refused to accept responsibility for his conduct. (*Id.* at p. 8). After hearing Petitioner's testimony, the Court admonished Petitioner:

> You do not get it. I've sat here for a half an hour, 45 minutes, listening to you, Mr. Reed, and on the one side you tell me how sorry you— in fact, I didn't hear the word "sorry," but I did hear you say several times: I accept responsibility. And then 15 minutes later, through another 15 minutes, you tell me: really, it's other people and I'm going to sue other people for this. And I'm going to complain to the FBI about what other people did. This is not about other people, sir. This is about you, Mr. Reed. And you don't get it. You don't— you talk yourself out of this idea of responsibility. And I'm just flabbergasted by it. I'm stunned by it, given the opportunities that you had to express sincere contriteness. (Doc. 109-1 at p. 12).

2

After Petitioner's testimony, the Court sentenced him to 48 months imprisonment on each of counts two and five, to be served concurrently. (*Id.*). Petitioner filed a notice of appeal, and the Untied States Court of Appeals for the Fifth Circuit affirmed his sentence, but found that his ineffective assistance of counsel claims should be resolved by the district court. (*Id.*). Petitioner now brings the instant motion to vacate his sentence based on 28 U.S.C. § 2255(a), asserting that his trial counsel should not have allowed him to testify at the sentencing hearing.[1]

## II. LEGAL STANDARD

Section 2255 provides that a federal prisoner serving a court-imposed sentence may, for limited reasons, move the court to vacate, set aside or correct his sentence. 28 U.S.C. § 2255(a). Only a narrow set of claims are cognizable on a § 2255 motion. The statute identifies four grounds on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." *Id.*

To succeed on a claim of ineffective assistance of counsel, a defendant must demonstrate that his representation "fell below an objective standard of reasonableness" and "a reasonable probability [exists] that, but for counsel's

---

[1] Petitioner cites several instances of communication difficulties with his trial counsel during the pendency of this case, none of which the Court deems relevant to the motion *sub judice*. (Doc. 109-1 at pp. 5-6).

3

unprofessional errors, the results of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

## III. DISCUSSION

Petitioner claims that his counsel was ineffective because he allowed Petitioner to testify under oath when offered the chance to mitigate his sentence, which allegedly resulted in the Court not granting a sentence reduction for acceptance of responsibility. This argument is absurd for at least two reasons.

First, the transcript of the sentencing hearing reflects that, by Petitioner's own admission, he informed his attorney that he *wanted* to testify:

> [Defense Counsel]: Your Honor, Mr. Reed, after speaking with him, would like to make remarks to the Court, if he could take the witness stand or whatever the proper procedure is, how the Court handles this matter. (Doc. 109 at p. 14).

The Court allowed Defendant to testify, under oath, upon his request. Defendants have a right to speak on their own behalf, a right that an attorney cannot deny. *Rock v. Arkansas*, 483 U.S. 44, 49–52, (1987). Independent of what questions his trial counsel may have asked to guide his client through the testimony, it was nonetheless Petitioner's testimony and demeanor that raised the Court's ire. Petitioner cannot establish the first element of the *Strickland* test.

Second, even before Petitioner took the stand to testify, the Court had already ruled that it would not grant an acceptance of responsibility reduction, based on Petitioner's colloquy with the Court regarding the objections to the PSR. Petitioner chose thereafter to testify under oath, and also chose to deflect, deny, and make

4

excuses for his criminal conduct rather than offering any expression of remorse or contrition.

Defendant cites *Glover v. United States*, 531 U.S. 198 (2001) for the position that Petitioner need only show a "reasonable likelihood" that his counsel's deficiencies created a reasonable probability that his sentence would have been less harsh. (Doc. 109-1 at p. 13). *Glover* is inapplicable to the motion *sub judice*. In *Glover*, the defendant's attorney failed to challenge a mistake of law that caused the guideline range to be incorrectly calculated, resulting in Petitioner's sentence increasing from six months to 21 months. *Glover*, 531 U.S. 198 at 201. Here, there was no mistake of law, nor was there any *increase* in Petitioner's sentence. Even if the Court accepts Petitioner's allegations as true, it was still fully within the discretion of the Court to *reduce* Petitioner's sentence based on acceptance of responsibility, a matter upon which the Court had previously ruled. *See United States v. Mourning, 914 F.2d 699, 705 (5th Cir.1990)* (finding that because the district court is in a unique position to assess the defendant's contrition or lack thereof, its factual determinations on this point are entitled to even greater deference than that accorded under a clearly erroneous standard of review.). Petitioner merely claims that his counsel was unable to change the judge's mind. Thus, Petitioner cannot establish the second element of the *Strickland* test.[2]

---

[2] Petitioner attaches a document purporting to be an "expert report" authored by attorney Martin E. Regan, an attorney not enrolled as counsel or otherwise involved with this case. Mr. Regan, having reviewed only the transcript of the sentencing, concluded that "the sentencing transcript shows that the sentencing judge was extremely irritated by the 45 minutes Mr. Reed spent on the witness stand essentially blaming other people for his own conduct." (Doc. 109-2). Despite acknowledging that Mr. Reed was the cause of the sentencing judge's consternation, and having ostensibly read that Mr. Reed *requested* to testify on his own behalf, Mr. Regan inexplicably comes to the ultimate conclusion that

5

## IV. CONCLUSION

**IT IS ORDERED** that the **Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 109)** is DENIED.

Baton Rouge, Louisiana, this 31st day of July, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

"sentencing counsel provided ineffective assistance of counsel to Mr. Reed" (*Id.*), a conclusion that this Court categorically rejects.